IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNCEY BLAKE, ) | No. C 07-2173 JSW (PR) |
| Plaintiff, ) | |
| v. ) | **ORDER SERVING EXCESSIVE FORCE CLAIM** |
| SAN FRANCISCO POLICE OFFICERS ) FONG, YICKS, SALAZAR, MADRID, ) ROBINSON, O'CONNOR, COLE, ) MCCORMICK, ) | |
| Defendants. | |

## INTRODUCTION

Plaintiff, a pretrial detainee confined at the San Francisco County Jail #5, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining of violations of his civil rights during his arrest. Plaintiff also seeks leave to proceed in forma pauperis. For the reasons set forth below, the Court will order the complaint served. A separate order issued this date grants Plaintiff's in forma pauperis application.

## STATEMENT OF FACTS

Plaintiff alleges that an unreasonable amount of force was used against him in the course of his arrest on August 9, 2006, when San Francisco Police Officers pursued him in a high speed chase, by striking the vehicle in an attempt to have it spin out of control. Additionally, Plaintiff alleges that when his vehicle was disabled by spike strips, he was pulled out the vehicle and slammed to the pavement. He further alleges that while subdued on the ground, he was struck numerous times in the face and that his forehead was "bashed into the street pavement" and that he was "physically assaulted while handcuffed." He seeks damages.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## ANALYSIS

### I    Excessive Force Claim

The use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983. Excessive force claims which arise in the context of an arrest are analyzed under the Fourth Amendment reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994), *cert. denied*, 513 U.S. 1152 (1995). This analysis applies to any arrest situation where force is used, whether it involves physical restraint, use of a baton, use of a gun, or use of a dog. *See, e.g., Mendoza v. Block*, 27 F.3d 1357, 1362-63 (9th Cir. 1994) (deputies' use of police dog to find suspect and secure him until handcuffed analyzed under reasonableness standard). Liberally construed, the allegations of Plaintiff's complaint present a cognizable excessive force claim against the named Defendants, except Police Chief Fong. Under no circumstances is there respondeat superior liability under § 1983, that is, there is no liability under § 1983 solely because one is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Monell v. Dep't of Social Servs.*, 436

U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under respondeat superior theory).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable claim for the use of excessive force against **Police Officer Yicks, Badge # 1032, Police Officer Salazar, Badge # 1142, Police Officer Madrid, Badge # 4143, Police Officer Robinson, Badge # 1850, Police Officer O'Connor, Badge # 313, Police Officer Cole, Badge # 206, Police Officer McCormick, Badge # 4167**. Defendant Fong is DISMISSED and TERMINATED from this action. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments thereto with all attachments thereto, and a copy of this order upon all Defendants listed above at the **San Francisco Police Department.** The Clerk shall also serve a copy of this order on Plaintiff.

2. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **sixty (60) days** from the date of this order, Defendant shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that he is of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

   **<u>Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due</u>**.

   All papers filed with the Court shall be promptly served on the Plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the

1  Court and served on Defendant no later than **thirty (30) days** from the date Defendant's
2  motion is filed.  The following notice is for the benefit of all pro se litigants:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

c.  Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

3.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

5. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: October 17, 2007

_____
JEFFREY S. WHITE
United States District Judge

5


UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNCEY BLAKE,<br><br>    Plaintiff,<br><br>v.<br><br>SAN FRANCISCO POLICE DEPARTMENT et al,<br><br>    Defendant.<br>_____/ | Case Number: CV07-02173 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 17, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shawncey Blake
P-99568
San Francisco County Jail #5
P.O. Box 67
San Bruno, CA 94066

Dated: October 17, 2007

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk